Robinson, J.
The question here for determination is whether the waiver of a trial by jury by the parties was binding upon them subsequent to the amendment of the prayer of the petition by the addition of the words, “and for judgment for amount of plaintiff’s claim.”
The contention of the defendant in error is that the correct rule is stated in 24 Cyc., 172:
“The waiver of a jury when the case is called for trial is a waiver only as to the issues then formed and does not apply to new and different issues that may thereafter be formed under amended pleadings, but merely formal amendments that do not materially change the issues will not entitle a party to demand a jury.”
As the pleadings stood prior to the amendment, there was an issue whether the notice served upon the defendant on the 25th of July, 1919, was a compliance with Section 8315, General Code, and *439 whether the affidavit filed with the recorder on the 23d day of July, 1919, was effective to constitute a lien by reason of the fact that statements and certificates from materialmen and laborers were not furnished by plaintiff as required under Section 8312, General Code. The first was purely a question of law; the second was a question of fact as to whether such statements and certificates were furnished, and a question of law as to the effect of the failure to furnish them.
Were there no other issues in the case, no right to trial by jury existed to be waived. But in making the issues the defendant was not content to rest her case upon those grounds solely, but put in issue the terms of the contract, performance of the contract, the breach, the right of the plaintiff to effectuate a lien for any sum whatever by reason of the poor and inferior material and workmanship furnished by it, and the integrity and good faith of the plaintiff in procuring the estimate of $4,364.56; and, further, defendant cross-petitioned for damages growing out of the contract.
Had there been no waiver of jury, and had a jury been impaneled, under the pleadings before amendment the only function of the jury would have been to determine the issues of fact, which would have been whether the plaintiff up to the time of the alleged breach substantially complied with the contract ; if not, whether his failure to comply with the contract was due to the acts of the defendant; whether the defendant breached the contract; if so, the value of the materials furnished and labor performed under the contract. And it would have been required to pass upon the issues made by the cross- *440 petition and answer thereto. After the amendment the function of the jury would have been exactly the same. The waiver of a jury imposed upon the court the duty of determining the issues of fact, and had the court found a lien to exist the amount of the lien found by the court would necessarily have been the same upon the pleadings and evidence before amendment to the petition as the amount found due for which judgment was rendered upon the pleadings and evidence after the amendment. The issues of fact were not changed either by reason of the amendment to the petition or by reason of the court finding that a lien had not been perfected under the statute; and, while it is true that had the issues of this case been confined to the question whether or not a lien had been legally perfected the judgment of the court would necessarily have been for the defendant instead of for plaintiff, the parties themselves having elected to try the issues of fact as well as of law, the amendments to the petition, going to the remedy only, had no effect upon the issues of fact, and, since a jury has no part in determining the remedy, the amendment in no way affected the issues which a jury could have determined; and therefore the waiver was in no way affected by the amendment.
Much is said in the brief of the defendant in error upon the subject of the pleadings. No motion was. made to make the petition more definite and certain, no demurrer was filed thereto, and no objection was made to the introduction of evidence generally. The cause was tried upon the theory that if the court determined the lien valid, it would determine from the evidence the amount thereof.
*441 Evidence was heard as to the conduct of the parties, the character and extent of the work, the damage to the defendant by reason of the character of the work and the material, and the failure to complete the undertaking.
It is too late after trial and judgment to complain for the first time that the petition does not contain averments necessary to warrant the consideration of evidence introduced pro and con without objection.
The judgment of the Court of Appeals will he reversed and that of the court of common pleas affirmed.

Judgment reversed-

Wanamaker, Jones, Matthias and Allen, JJ., concur.